UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

MICHAEL ANTHONY HOFFMAN,

    Plaintiff,

v.                                                                            Civ. No. 23-0172-GJF

MICHELLE LUJAN GRISHAM, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Michael Anthony Hoffman's Civil Rights Complaint [ECF 1] (Complaint), as well as his motions regarding *in forma pauperis* relief, electronic access, and to alter case caption [ECF 2, 6, 8, 9, 10, and 12]. Plaintiff raises 42 U.S.C. § 1983 claims along with a myriad of other causes of action based on his state criminal convictions. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will grant the *in forma pauperis* relief, deny the remaining procedural motions, and allow Plaintiff to amend his complaint.

## BACKGROUND

Plaintiff filed the Complaint following his release from state custody. The Complaint alleges New Mexico state officials arrested Plaintiff in 2010, and he entered a plea of guilty or no contest in 2013. ECF 1 at 12, 16. Plaintiff was released on parole in 2016. *Id.* at 20. He was re-arrested in 2019 on an alleged parole violation. *Id.* at 21. It appears at least one revocation proceeding took place in Texas, although Plaintiff also raises claims against New Mexico parole/probation officials. *Id.* at 21-26.

Plaintiff's primary theory is that state officials subjected him to false arrest/false imprisonment based on the criminal convictions and revocation proceeding. The Complaint also

references numerous other legal claims, including: (1) malicious prosecution; (2) libel: (3) slander; (4) defamation; (5) abuse of process; (6) intentional infliction of emotional distress; (7) theft; (8) fraud/misrepresentation; (9) kidnapping; (10) violation of the rules of professional conduct; (11) loss of consortium; (12) violation of New Mexico Corrections Department (NMCD) policies; (13) violation of 42 U.S.C. § 1983; (14) violation of 42 U.S.C. § 1985; (15) violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution; and (16) violation of Article II, Sections Ten, Twelve, Thirteen, Fourteen, Fifteen, and Eighteen of the New Mexico State Constitution.  *See* ECF 1 at 12-45.

Plaintiff seeks damages from thirty-seven (37) Defendants.  The list ranges from the state's governor to probation officers.  It includes: (1) New Mexico Governor Michelle Lujan-Grisham; (2) Secretary of NMDC Alisha Tafoya Lujan; (3) New Mexico Probation/Parole Officer Tanya Evans; (4) NMCD Commissioner-Administrator Roberta Cohen; (5) NMCD Parole Executive Jo Anne Martinez; (6) NMCD Parole Executive Cisco McSorley; (7) NMCD Parole Interim Chairman Abram Anaya; (8) NMCD Parole Board Member Barbara Johnson; (9) NMCD Parole Board Member Dorthy Pouges; (10) NMCD Parole Board Member Amy Loveridge; (11) NMCD Parole Board Member Amy Lopez; (12) NMCD Probation/Parole Officer Luis Vega; (13) NMCD Probation/Parole Director Melanie Martinez; (14) NMCD Probation/Parole Manager Stephanie Vincenti; (15) NMCD Probation/Parole Supervisor Summer Lee; (16) NMCD Probation/Parole Officer Alicia Garibay; (17) NMCD Probation/Parole Officer Sonya Zamudio; (18) Otero County Prison Facility (OCPF) Warden Ricardo Martinez; (19) OCPF Classification Supervisor Linda Nolasco; (20) OCPF Institutional Parole Officer Hugo Rivera; (21) Las Cruces Detective Robert Campos; (22) Defense Attorney Gerald Montrose; (23) Texas Parole Director Pamela Thielke; (24)

Texas Parole Director Marc Montgomery; (25) Texas Parole Director Abril Acuna; (26) Texas Parole Supervisor Erika Facio; (27) Texas Parole Officer Andres Chavez; (28) Texas Parole Counselor Matt Bierds; (29) Texas Parole Hearing Officer Carlos Fiero; (30) Texas Parole Chairman David Guiterrez; (31) Texas Parole Chief Tim McDonald; (32) Texas Parole Administrator Jessica Dillards; (33) Texas Parole Director Tina Balandran; (34) Texas Parole Director Brandon Watts; (35) Texas Probation Officer Monica Lerma; (36) Texas Probation Officer Paul Razo; and (37) Texas Probation Officer Dorthey Reyes. *See* ECF at 5-11.

After filing the Complaint, Plaintiff filed a Motion to Proceed *In Forma Pauperis* [ECF 2] (IFP Motion); three Motions to Expedite *In Forma Pauperis* Ruling [ECF 6, 10, and 12] (Motions to Expedite); a Motion to Alter Case Caption [ECF 8]; and a Motion to Permit Electronic Filing/Access [ECF 9]. The Complaint and the motions are ready for initial review. The Court will evaluate Plaintiff's procedural motions before turning to the Complaint.

## DISCUSSION

### I. Plaintiff's Procedural Motions

Plaintiff filed this case following his release from prison and now seeks leave to proceed *in forma pauperis*. Such relief is only available where the plaintiff's statement of income and assets reflects that he cannot afford to prepay the $402 filing fee. *See* 28 U.S.C. § 1915(a). Plaintiff receives $120 per week, and he uses much of his income to support his child. *See* ECF 2 at 2, 4. The Court will therefore grant the IFP Motion [ECF 2] and deny the Motions to Expedite [ECF 6, 10, and 12], which are now moot.

Plaintiff also asks the Court to modify the case caption to include his full name, Michael Anthony Hoffman. He alleges the caption sometimes appears as *Hoffman v. Michelle Lujan*

3

*Grisham*, which makes him look like a prisoner. *See* ECF 8 at 4. Plaintiff's name is correctly listed as Michael Anthony Hoffman in CM/ECF. To the extent only his last name sometimes appears when the case is queried, no relief is available. The Motion to Alter Case Caption will be denied.

Plaintiff finally seeks to file documents electronically and/or obtain PACER access. *See* ECF 9. NM Local Rule 5.1 permits electronic filing for attorneys, who are entitled to use CM/ECF, but *pro se* parties are required to file a paper copy of pleadings. Plaintiff has not explained why he should be granted an exception to the general rule or shown that it is not feasible to file documents with the Clerk's Office. Moreover, he does need a Court Order to use a PACER account. Plaintiff can visit https://pacer.uscourts.gov/ and register as a member of the public. The Court will therefore deny the Motion to Permit Electronic Filing/Access [ECF 9].

## II. Screening Requirements for *In Forma Pauperis* Complaints

Section 1915(e) of Title 28, United States Code, requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints. The Court must dismiss any such complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

All complaints filed in Federal Court must also comply with Fed. R. Civ. P. 8(a). Under that rule, a pleading must contain "a short and plain statement" of the grounds for relief, and "[e]ach allegation must be simple, concise, and direct." Rule 8(a)(2). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Moreover, if the initial complaint fails to comply with the federal pleading standards, courts should generally grant leave to amend should unless amendment would be futile. *Id.*

**III. The Complaint is Subject to Dismissal Absent an Amendment**

The Complaint here functions as a classic shotgun filing, raising over sixteen causes of action against numerous Defendants. *See Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). It is difficult to get a complete picture of the facts because most of the allegations consist of legal terms such as "causation," "breach of duty," "reasonable care," "wanton and deliberate acts," etc. In many sections of the Complaint, Defendants are grouped together. The list of Defendants also changes in different sections of the Complaint. The caption of the Complaint lists Assistant District Attorneys, for example, but those individuals do not appear in the enumerated list of thirty-seven (37) Defendants.

5

"It is not the role of … the court … to sort through a lengthy … complaint … to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted). *See also Pola v. Utah,* 2012 WL 292272, * 1 (10th Cir. Feb. 1, 2012) (rejecting complaint that "included everything but the kitchen sink"); *Baker v. City of Loveland,* 2017 WL 1485006, * 1 (10th Cir. April 26, 2017) (complaint is inadequate if it "lacks clarity about what each defendant allegedly did to incur liability"). The Complaint is therefore subject to dismissal for failure to set out a short and plain statement for relief under Rule 8(a).

To the extent Plaintiff's primary theory is discernable – *i.e.,* that Defendants are liable for damages based on his state convictions and revocation proceeding – federal relief may also be barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *Heck* holds that the Federal Court must dismiss any 42 U.S.C. § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. The only exception is where the conviction/sentence has been vacated in a post-conviction proceeding. *Id.* A finding that Plaintiff's state conviction/revocation judgment constitutes false imprisonment would necessarily imply those proceedings are invalid, and there is no indication any judgment was ever vacated. *See, e.g., Lawson v. Engleman,* 67 Fed. App'x 524, 526 n.2 (10th Cir. 2003) (applying *Heck* to bar a claim for false imprisonment); *Jackson v. Loftis,* 189 Fed. App'x. 775, 779 n. 1 (10th Cir. 2006) (suggesting *Heck* may bar complaint alleging "arrest was improper because [plaintiff] had not committed the alleged offenses").

In sum, it appears the Complaint fails to comply with Rule 8(a), and the primary claims may be subject to dismissal under the *Heck* doctrine. The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to

6

their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Plaintiff shall amend his complaint within thirty (30) days of entry of this Order. Any amendment must make clear "exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). "Collective allegations" against a group of Defendants will not meet the federal pleading standard. *Id*.

Plaintiff is further reminded that if he wishes to name an entity, supervisor, or municipal defendant, such parties cannot be liable under 42 U.S.C. § 1983 for the actions of their employees. *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). The allegations against the entity, supervisor, or municipal defendant must show that each defendant is responsible for a policy or custom that caused the constitutional violation. *See Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996); *Brown v. Montoya,* 662 F.3d 1152, 1164–65 (10th Cir. 2011). If Plaintiff declines to timely file an amended complaint or files another complaint that fails to satisfy the requirements of Rule 8(a) and Rule 12(b)(6), the Court may dismiss this action with or without prejudice.

**IT IS ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* [**ECF 2**] is **GRANTED**; his Motions to Expedite *In Forma Pauperis* Ruling [**ECF 6, 10, and 12**] are **DENIED as moot**; and his Motion to Alter Case Caption [**ECF 8**] and Motion to Permit Electronic Filing/Access [**ECF 9**] are **DENIED**.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Plaintiff shall file an amended complaint, as set forth above.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE