IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL ANTHONY HOFFMAN,

    Plaintiff,

v.                                                                                                                      No. 23-cv-0172-KWR-GJF

MICHELLE LUJAN GRISHAM, *et al*,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Plaintiff's *pro se* Motions to Correct Amended Complaint (Docs. 16, 18, and 19) (Motions to Correct). The Court previously directed Plaintiff to file a single, amended complaint that complies with Fed. R. Civ. P. 8(a). *See* Doc. 13. Plaintiff filed his Amended Complaint (Doc. 17) on January 17, 2025. Thereafter, he filed the Motions to Correct, which state the January 17, 2025 filing contains an incorrect, draft copy of the Amended Complaint. Plaintiff seeks permission to file a corrected copy of the amendment. He also appears to ask the Court to take judicial notice of an unidentified Third Judicial District Court proceeding.

The Motions to Correct present a close call. Plaintiff already received one extension to file his amended complaint, and he has not submitted a copy of the corrected pleading. On the other hand, denying his motions could require the Court to evaluate whether the "draft complaint" on file complies with Fed. R. Civ. P. 8(a) and 12(b)(6). The Court will therefore grant the Motions to Correct, in part, and allow Plaintiff one final opportunity to file an amended complaint. The amendment is due within twenty-one (21) days of entry of this ruling. It must contain a short,

plain statement of the grounds for relief. The Court will not take judicial notice of another proceeding.

Plaintiff is reminded that litigants are not permitted to file "kitchen-sink" pleadings, which "bring[] every conceivable claim against every conceivable defendant." *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012); *see also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading"); *Pola v. Utah*, 458 Fed. App'x. 760, 762 (10th Cir. 2012) (affirming dismissal of a complaint that "include[d] everything but the kitchen sink"). Said differently, Plaintiff should not sue fifteen-plus officials in multiple states based on every encounter he has ever had with law enforcement and/or state prosecutors. Fed. R. Civ. P. 18(a) allows litigants to pursue multiple claims against a single defendant, but litigants cannot otherwise raise unrelated events in a single lawsuit. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits"). The amendment should also only name individuals who were involved in the alleged wrongdoing. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998) (a 42 U.S.C. § 1983 plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution); *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) ("a successful § 1983 complaint must make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her"). If Plaintiff fails to timely comply with this Order and the instructions in the initial Screening Ruling (Doc. 13), or if he files anything other than a single, amended complaint, this case may be dismissed with or without prejudice.

**IT IS ORDERED** that Plaintiff's Motions to Correct Amended Complaint (**Docs. 16, 18,**

**and 19**) are **GRANTED, in part,** as set forth above; and Plaintiff may file a single, amended complaint within twenty-one (21) days of entry of this Order.

  **SO ORDERED**.

               _____/S/_____
               HON. KEA RIGGS
               UNITED STATES DISTRICT JUDGE