**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL ANTHONY HOFFMAN,

    Plaintiff,

v.                                                          No. 23-cv-0172-KWR-GJF

MICHELLE LUJAN GRISHAM, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Michael Anthony Hoffman's failure to file an amended pleading that complies with Fed. R. Civ. P. 8(a), as directed. Plaintiff is proceeding *pro se* but is not incarcerated. His original Complaint (Doc. 1) raises 42 U.S.C. § 1983 claims along with a myriad of other causes of action. Plaintiff's primary theory is that state officials subjected him to false arrest/false imprisonment based on his criminal convictions and revocation proceeding. The original Complaint functions as a classic shotgun filing, raising over 16 causes of action against at least 37 Defendants. *See Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading.").

The legal claims include: (1) malicious prosecution; (2) libel: (3) slander; (4) defamation; (5) abuse of process; (6) intentional infliction of emotional distress; (7) theft; (8) fraud/misrepresentation; (9) kidnapping; (10) violation of the rules of professional conduct; (11) loss of consortium; (12) violation of New Mexico Corrections Department (NMCD) policies; (13) violation of 42 U.S.C. § 1983; (14) violation of 42 U.S.C. § 1985; (15) violation of the Fourth,

Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution; and (16) violation of Article II, Sections Ten, Twelve, Thirteen, Fourteen, Fifteen, and Eighteen of the Constitution. *See* Doc. 1 at 12-45.

As to the Defendants, the original Complaint (Doc. 1) seeks damages from: (1) New Mexico Governor Michelle Lujan-Grisham; (2) Secretary of NMDC Alisha Tafoya Lujan; (3) New Mexico Probation/Parole Officer Tanya Evans; (4) NMCD Commissioner-Administrator Roberta Cohen; (5) NMCD Parole Executive Jo Anne Martinez; (6) NMCD Parole Executive Cisco McSorley; (7) NMCD Parole Interim Chairman Abram Anaya; (8) NMCD Parole Board Member Barbara Johnson; (9) NMCD Parole Board Member Dorthy Pouges; (10) NMCD Parole Board Member Amy Loveridge; (11) NMCD Parole Board Member Amy Lopez; (12) NMCD Probation/Parole Officer Luis Vega; (13) NMCD Probation/Parole Director Melanie Martinez; (14) NMCD Probation/Parole Manager Stephanie Vincenti; (15) NMCD Probation/Parole Supervisor Summer Lee; (16) NMCD Probation/Parole Officer Alicia Garibay; (17) NMCD Probation/Parole Officer Sonya Zamudio; (18) Otero County Prison Facility (OCPF) Warden Ricardo Martinez; (19) OCPF Classification Supervisor Linda Nolasco; (20) OCPF Institutional Parole Officer Hugo Rivera; (21) Las Cruces Detective Robert Campos; (22) Defense Attorney Gerald Montrose; (23) Texas Parole Director Pamela Thielke; (24) Texas Parole Director Marc Montgomery; (25) Texas Parole Director Abril Acuna; (26) Texas Parole Supervisor Erika Facio; (27) Texas Parole Officer Andres Chavez; (28) Texas Parole Counselor Matt Bierds; (29) Texas Parole Hearing Officer Carlos Fiero; (30) Texas Parole Chairman David Guiterrez; (31) Texas Parole Chief Tim McDonald; (32) Texas Parole Administrator Jessica Dillards; (33) Texas Parole Director Tina Balandran; (34) Texas Parole Director Brandon Watts; (35) Texas Probation Officer Monica Lerma; (36) Texas Probation

Officer Paul Razo; and (37) Texas Probation Officer Dorthey Reyes.  *See* Doc. 1 at 5-11.

Because the original Complaint (Doc. 1) functions as a shotgun filing, it is difficult to get a complete picture of the facts.  Most of the allegations consist of legal terms such as "causation," "breach of duty," "reasonable care," "wanton and deliberate acts," etc.  In many sections of the original Complaint, the Defendants are grouped together.  The list of Defendants also changes in different sections of the Complaint.  The caption of the Complaint lists Assistant District Attorneys, for example, but those individuals do not appear in the enumerated list of thirty-seven (37) Defendants.

By a Memorandum Opinion and Order entered October 15, 2024, the Court determined the original Complaint (Doc. 1) is subject to dismissal under Rule 8(a).  *See* Doc. 13 (Screening Ruling).  The Screening Ruling explains that "[i]t is not the role of … the court … to sort through a lengthy … complaint … to construct plaintiff's causes of action."  *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted).  *See also Pola v. Utah,* 2012 WL 292272, * 1 (10th Cir. Feb. 1, 2012) (rejecting complaint that "included everything but the kitchen sink"); *Baker v. City of Loveland,* 2017 WL 1485006, * 1 (10th Cir. April 26, 2017) (complaint is inadequate if it "lacks clarity about what each defendant allegedly did to incur liability").  Plaintiff was directed to file an amended complaint that complies with Rule 8(a).  The Screening Ruling explains that the amendment must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her."  *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).  The Screening Ruling also sets forth the general pleading standards governing 42 U.S.C. § 1983.  Plaintiff was warned that the failure to timely amend may result in dismissal of this case with or without

3

prejudice.

The initial deadline to amend was November 14, 2024. That day, Plaintiff filed a motion seeking a 90-day extension and raising additional arguments/exhibits to support his claims. *See* Doc. 14. The Court granted the requested extension, in part, but reminded Plaintiff that the forthcoming amended complaint must contain all claims he seeks to raise in this case. *See* Doc. 15. The Order notes that "the Court will not consider substantive claims/arguments that appear in the Motion [For Extension], nor will it consider evidence at this stage." Doc. 15 at 1. The Order again warns that the failure to timely amend may result in dismissal with or without prejudice.

That amendment deadline expired on January 15, 2025. Plaintiff filed a document on January 17, 2025 titled Amended Civil Rights Complaint (Doc. 17). However, four days later he filed a Motion to Correct, which states that "while reviewing a copy of the pleading" filed on January 17, 2025, Plaintiff "discovered that he had filed the '**wrong copy**' of the" amendment. *See* Doc. 16 at 2 (emphasis in original). Plaintiff sought leave to "correct this **inaccurate pleading filing**" at some later time. *Id.* (emphasis in original). Thereafter, Plaintiff filed two additional Motions to Correct (Docs. 18, 19). In these motions, Plaintiff again gives notice that Doc. 17 is an "inaccurate pleading" and seeks permission to file a final, corrected amendment. While the three Motions to Correct do not elaborate on why Doc. 17 is an "inaccurate pleading" (*i.e.,* wrong defendants, wrong claims, etc.), Plaintiff made it clear he does not wish to use that document as the dispositive pleading in this case.

None of the Motions to Correct attach a copy of the final, corrected amendment. *See* Docs. 16, 18, 19. Nevertheless, the Court agreed to disregard the inaccurate amendment (Doc. 17) as requested and allow Plaintiff to submit his final, amended complaint within twenty-one days of

4

entry of the Order. *See* Doc. 20 (Final Rule 8(a) Order). The Final Rule 8(a) Order warns that this is Plaintiff's "final opportunity to file an amended complaint" and provides additional instructions on how to comply with Rule 8(a). *Id.* at 1. The Final Rule 8(a) Order also warns that if Plaintiff fails to timely amend, this case may be dismissed with or without prejudice. *Id.* at 2.

The final amendment deadline expired on September 26, 2025, *i.e.,* within twenty-one days after entry of the Final Rule 8(a) Order. Plaintiff did not file an amended complaint; show cause for such failure; or otherwise respond to the ruling. The Court will therefore dismiss this case for failure to file an amended complaint that complies with Rule 8(a) as directed and, alternatively, pursuant to Rule 41(b) for failure to comply with Court Orders/civil rules.

The dismissal will be without prejudice to refiling. *See Fontana v. Pearson*, 772 Fed. App'x 728, 729 (10th Cir. 2019) ("If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice."); *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) (applying the same rule to dismissals under Rule 41(b)). To the extent certain claims cannot be refiled, dismissal is still appropriate based on the *Ehrenhaus* factors. Those factors include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Stenson v. Edmonds*, 86 F.4th 870, 878 (10th Cir. 2023) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992)).

The *Ehrenhaus* factors, as a whole, favor dismissal in this case. Plaintiff received detailed instructions about how to comply with Rule 8(a) along with multiple extensions of time to amend. The Court permitted a final extension even after his Motions to Correct failed to attach a corrected

5

amendment.  At this point, Plaintiff has had far more time and chances than most *pro se* parties to draft an amended complaint, and he simply refuses to comply.  The Court has issued at least three prior warnings regarding the prospect of dismissal "with or without prejudice."  *See* Docs. 13, 15, 20.  On this record, leaving the case open and/or *sua sponte* granting another extension would greatly interfere with the Court's ability to enforce its directives and remove inactive cases from its docket.  The Court is also not convinced any lesser sanction is available and/or would be effective, given Plaintiff's history.  As noted above, the first Screening Ruling was entered in October of 2024, and Plaintiff has still failed to file a final amendment despite numerous warnings about dismissal.  Although it is not clear whether Defendants would suffer prejudice from another *sua sponte* extension, they will be prejudiced if the Court orders service of any claims, rather than dismissing the case.  *See* 28 U.S.C. § 1915(e) (courts must conduct a *sua sponte* review of *in forma pauperis* complaints and, if the complaint is not dismissed, courts must serve defendants).  In sum, the dismissal will be entered without prejudice to refiling, but if certain claims are time-barred, a dismissal is still appropriate based on the *Ehrenhaus* factors.  Plaintiff must file a new civil rights case, if he wishes to pursue his claims.

**IT IS ORDERED** that this case is **DISMISSED without prejudice** for failure to file an amendment that complies with Rule 8(a) and, alternatively, pursuant to Rule 41(b) for failure to comply with Court Orders/civil rules; and the Court will enter a final judgment closing the civil case.

**SO ORDERED**.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE