**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL ANTHONY HOFFMAN,

Plaintiff,

v. No. 23-cv-0172-KWR-GJF

MICHELLE LUJAN GRISHAM, *et al*,

Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Michael Anthony Hoffman's Motions to Reconsider (Docs. 23, 24) (Motions). Plaintiff challenges the dismissal of his civil rights action for failure to timely file an amended complaint as directed. He alleges he filed the amendment by the deadline, but it never arrived at the Court. Because Plaintiff provides conflicting facts regarding the filing attempt, and because he filed a supplement indicating at least one Motion is the wrong filing, the Court will deny the Motions without prejudice to submitting a corrected post-judgment motion.

**BACKGROUND**

Plaintiff is proceeding *pro se* but was not incarcerated at the time of filing. His original Complaint (Doc. 1) raises 42 U.S.C. § 1983 claims along with a myriad of other causes of action. Plaintiff's primary theory is that state officials subjected him to false arrest/false imprisonment based on his criminal convictions and revocation proceeding. The original Complaint functions as a classic shotgun filing, raising over 16 causes of action against at least 37 Defendants. *See Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a

significant difference between notice pleading and 'shotgun' pleading.").

The legal claims include: (1) malicious prosecution; (2) libel: (3) slander; (4) defamation; (5) abuse of process; (6) intentional infliction of emotional distress; (7) theft; (8) fraud/misrepresentation; (9) kidnapping; (10) violation of the rules of professional conduct; (11) loss of consortium; (12) violation of New Mexico Corrections Department (NMCD) policies; (13) violation of 42 U.S.C. § 1983; (14) violation of 42 U.S.C. § 1985; (15) violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution; and (16) violation of Article II, Sections Ten, Twelve, Thirteen, Fourteen, Fifteen, and Eighteen of the Constitution. *See* Doc. 1 at 12-45. The original Complaint (Doc. 1) seeks damages from 37 Defendants in New Mexico and Texas. *See* Doc. 1 at 5-11.

By a Memorandum Opinion and Order entered October 15, 2024, the Court determined the original Complaint (Doc. 1) is subject to dismissal under Rule 8(a). *See* Doc. 13 (Screening Ruling). The Screening Ruling explains that "[i]t is not the role of … the court … to sort through a lengthy … complaint … to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted). *See also Pola v. Utah,* 2012 WL 292272, * 1 (10th Cir. Feb. 1, 2012) (rejecting complaint that "included everything but the kitchen sink"); *Baker v. City of Loveland,* 2017 WL 1485006, * 1 (10th Cir. April 26, 2017) (complaint is inadequate if it "lacks clarity about what each defendant allegedly did to incur liability"). Plaintiff was directed to file an amended complaint that complies with Rule 8(a). The Screening Ruling explains that the amendment must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). The Screening

Ruling also sets forth the general pleading standards governing 42 U.S.C. § 1983. Plaintiff was warned that the failure to timely amend may result in dismissal of this case with or without prejudice.

The initial deadline to amend was November 14, 2024. That day, Plaintiff filed a motion seeking a 90-day extension and raising additional arguments/exhibits to support his claims. *See* Doc. 14. The Court granted the requested extension, in part, but reminded Plaintiff that the forthcoming amended complaint must contain all claims he seeks to raise in this case. *See* Doc. 15. The Order notes that "the Court will not consider substantive claims/arguments that appear in the Motion [For Extension], nor will it consider evidence at this stage." Doc. 15 at 1. The Order again warns that the failure to timely amend may result in dismissal with or without prejudice.

That extended amendment deadline expired on January 15, 2025. Plaintiff filed a document on January 17, 2025 titled Amended Civil Rights Complaint (Doc. 17). However, four days later he filed a Motion to Correct, which states that "while reviewing a copy of the pleading" filed on January 17, 2025, Plaintiff "discovered that he had filed the '**wrong copy**' of the" amendment. *See* Doc. 16 at 2 (emphasis in original). Plaintiff sought leave to "correct this **inaccurate pleading filing**" at some later time. *Id.* (emphasis in original). Thereafter, Plaintiff filed two additional Motions to Correct (Docs. 18, 19). In these motions, Plaintiff again gives notice that Doc. 17 is an "inaccurate pleading" and seeks permission to file a final, corrected amendment. While the three Motions to Correct do not elaborate on why Doc. 17 is an "inaccurate pleading" (*i.e.,* wrong defendants, wrong claims, etc.), Plaintiff made it clear he does not wish to use that document as the dispositive pleading in this case.

None of the Motions to Correct attach a copy of the final, corrected amendment. *See* Docs.

16, 18, 19. Nevertheless, the Court agreed to disregard the inaccurate amendment (Doc. 17) as requested and allow Plaintiff to submit his final, amended complaint within twenty-one days of entry of the Order. *See* Doc. 20 (Final Rule 8(a) Order). The Final Rule 8(a) Order warns that it is Plaintiff's "final opportunity to file an amended complaint" and provides additional instructions on how to comply with Rule 8(a). *Id.* at 1. The Final Rule 8(a) Order also warns that if Plaintiff fails to timely amend, this case may be dismissed with or without prejudice. *Id.* at 2.

The final amendment deadline expired on September 26, 2025. Plaintiff did not file an amended complaint; show cause for such failure; or otherwise respond to the ruling. Because Plaintiff received multiple chances to amend and at least three warnings regarding dismissal, the Court dismissed this case without prejudice for failure to file an amended complaint that complies with Rule 8(a) as directed and, alternatively, pursuant to Rule 41(b) for failure to comply with Court Orders/civil rules. *See* Doc. 21 (Dismissal Ruling). Final Judgment was entered on September 30, 2025. *See* Doc. 22.

Plaintiff filed Motions to Reconsider on October 27 (Doc. 23) and November 12, 2025 (Doc. 24). Thereafter, he filed a Letter stating a recent Motion to Reconsider is the incorrect document. *See* Doc. 25. The Letter purports to attach the correct motion, but Plaintiff seeks to incorporate certain exhibits from the incorrect filing. The Court will consider whether the record is sufficiently clear to make a ruling and whether there are grounds to vacate the Judgment.

**DISCUSSION**

Construed liberally, Plaintiff appears to seek relief under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b). Rule 59(e) permits relief based on: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest

injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). As relevant here, Rule 60(b) allows relief from a judgment in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud. *See* Fed. R. Civ. P. 60(1)-(3). Rule 60(b)(6) also contains a catchall clause for any other reason that justifies relief. However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate … when it offends justice to deny such relief." *Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). Courts have considerable discretion in deciding whether to reconsider a ruling. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Plaintiff asks the Court to set aside the Judgment and alleges he mailed the amended complaint on or near the September 26, 2025 filing deadline. That mailing never arrived at the Court, and Plaintiff's exhibits are somewhat difficult to follow with respect to the details. Plaintiff proffered two purported receipts for the purchase of a large envelope from the United States Postal Service (USPS). *See* Doc. 24 at 24. The receipts reflect a date and time of 9/26/2025 (*i.e.,* the final filing deadline) at 11:55 PM. *Id.* One receipt was delivered via email, suggesting Plaintiff purchased an online envelope at 11:55 PM. *Id.* However, Plaintiff also proffers a USPS carbon paper receipt (*i.e.,* the type of receipt that is printed in person at a register). *Id.* That receipt, labeled "Original Hardcopy Receipt," also bears a timestamp of 11:55 PM on 9/26/2025. *Id.* It is not clear how/when Plaintiff obtained the second receipt or whether he is suggesting he visited a United States post office at 11:55 at night.[1] *Id.*

Plaintiff also proffers an affidavit that is allegedly signed by USPS employee Christian

[1] The "Original Hardcopy Receipt" lists the Sandy Creek post office location in El Paso, Texas, which closes no later than 5:00 PM. *See* https://tools.usps.com/locations/home.htm?location=1436054 (noting the hours of operation).

Teal. *See* Doc. 23 at 84-87; Doc. 24 at 90. The USPS employee is allegedly willing to attest that this Court "misinterpreted … [Plaintiff's] missed filing deadline" and that there was "no fault" on his part, among other things. The affidavit by the USPS employee states:

(a) Plaintiff "fulfilled his deadline … and filing obligations and duties to the Court" by mailing the amended complaint on September 27, 2025;

(b) "The United States Postal Service is the root cause of the mishandling, loss, destruction, or theft of [his] legal documentation."

(c) "The USPS processing, distribution, and mailing delay error and the Court's misinterpretation of Michael Hoffman's missed filing deadline on or before September 26, 2025 in this matter is at the fault of the United States, and … no fault of Michael Hoffman."

*See* Doc. 23 at 84-87; Doc. 24 at 90.

After submitting these documents, Plaintiff filed a Letter stating he mailed the wrong post-judgment motion but that certain exhibits are still relevant. He also attempted to direct a Clerk's Office Supervisor to reorganize the exhibits and/or attach certain prior exhibits to the new Letter. *See* Staff Note entered November 14, 2025. Plaintiff was advised during that call that it is the responsibility of the filer to submit pleadings with all necessary documents. *Id.* Thus, while the Court discerns Plaintiff seeks to withdraw at least some portions of Docs. 23 and 24 (the Motions to Reconsider), the final submission remains unclear.

Before ruling on the merits or drawing conclusions about any discrepancies in Plaintiff's exhibits, the Court will allow him to file the correct documents. The Court will deny the current Motions to Reconsider without prejudice and allow Plaintiff to file a single corrected motion to reconsider, with all exhibits, within twenty-one days of entry of this Order. If Plaintiff timely files

the corrected motion, it will relate back to the original filing date, and the Court will consider his arguments under Rules 59 and 60.

Plaintiff is reminded that the Dismissal Ruling was entered without prejudice. He has the option of filing a new case, rather than seeking to reopen this case. If Plaintiff continues to pursue post-judgment relief in this case, any corrected motion to reconsider must explain why Plaintiff needs to reopen this case rather than filing a new action. Plaintiff is further warned that this Court may elect to hold a hearing on any amended motion to reconsider and call witnesses, if it has continued concerns about the accuracy of his submissions in this case.[2] Finally, Plaintiff must refrain from making repeated phone calls to the Clerk's Office or seeking advice from Court staff. *See* Doc. 24 at 84-87 (phone records from Plaintiff, which reflect repeated calls to the Clerk's Office immediately before or after filing a document).

**IT IS ORDERED** that the Motions to Reconsider (**Docs. 23, 24**) are **DENIED** without prejudice to refiling; and Plaintiff may file a corrected motion to reconsider as set forth above within twenty-one days of entry of this Order.

**SO ORDERED**.

/S/
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE

[2] This could include taking evidence on whether Christian Teal is actually a USPS employee and, if so, whether Teal signed an affidavit that opines on the topics listed above. Such statements would be highly unusual, but the Court defers any conclusions at this time.